**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CHRISTOPHER J. WILLING, | Case No.: 2:14-cv-01122-APG-PAL |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | (Dkt. #33) |
| ARMS, *et al.*, | |
| Defendants. | |

Pro se plaintiff Christopher Willing filed a "Section 1983" suit against defendants Nye County Detention Center (NCDC), Deputy Arms, Sergeant Martinez, Lieutenant Medina, and Health Care Partners for violating his Fourteenth Amendment rights while in pretrial detention.[1] Willing alleges he broke his collarbone while in custody and that the defendants interfered with, delayed, and denied the necessary treatment of his injury.[2] Willing also alleges defendants' actions and inactions caused him further pain and suffering.[3] Defendant NCDC moves to dismiss Willing's claims against it because it is not an entity capable of being sued.[4] Because NCDC is a department of Nye County and cannot be sued, I grant its motion.

In assessing a motion to dismiss, I must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[5] A complaint need not contain detailed factual allegations; however, those allegations must be "more than labels and conclusions" and must "rise above the speculative level."[6] Thus, to survive a

---

[1] (Dkt. #6.)

[2] (*Id.* at 3.)

[3] (*Id.* at 3-5.)

[4] (Dkt. #33.)

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

motion to dismiss, a complaint must contain sufficient factual matter to "state a claim for relief that is plausible on its face."[7]  Allegations in a pro se complaint are "held to less stringent standards than formal pleadings drafted by lawyers."[8]

The issue here is whether NCDC is a properly-named defendant.  In Nevada, each county is a political subdivision of the state and an independent legal entity, which means each county can sue or be sued.[9]  But the same is not true of a county detention center.  Rather, a county detention center is a department of the county and not an independent legal entity.[10]  Therefore, it cannot be sued under its own name.[11]  Accordingly, I grant NCDC's motion because NCDC is not a suable entity, and thus Willing cannot state a cognizable legal claim against it.

IT IS THEREFORE ORDERED that Nye County Detention Center's Motion to Dismiss **(Doc. 33) is GRANTED**.  All of plaintiff's claims against Nye County Detention Center are dismissed with prejudice.

DATED this 4th day of August, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 570.

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation omitted).

[9] *Clark Cnty. v. Lewis*, 498 P.2d 363, 365 (Nev. 1972); Nev. Rev. Stat. § 41.031(2).

[10] Nev. Rev. Stat. § 41.0305.

[11] *Wayment v. Holmes*, 912 P.2d 816, 819-20 (Nev. 1996); *Wright v. City of Las Vegas, Nev.*, 395 F. Supp. 2d 789, 794 (S.D. Iowa 2005) ("In Nevada, political subdivisions may be sued; departments of political subdivisions may not." (citing Nev. Rev. Stat. § 41.031(1)-(2) (2004))).