UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHRISTOPHER J. WILLING,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>DEPUTY ARMS et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:14-cv-01122-APG-PAL<br><br>**ORDER**<br><br>(Mot. Appointment Counsel – Dkt. #51)<br>(Mots. Prod. Docs. – Dkt. #52, 53, 60)<br>(Mot. to Strike – Dkt. #65) |

This matter is before the Court on Plaintiff Christopher J. Willing's Motion for Appointment of Counsel (Dkt. #51) and Motions for Production of Documents (Dkt. ##52, 53, 60). The Court has also considered Defendant Healthcare Partners' Responses (Dkt. ##55, 63) to the Motions for Production of Documents and Alternative Motion to Strike (Dkt. #65). Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*. This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

**I.    MOTION FOR APPOINTMENT OF COUNSEL (DKT. #51)**

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)); *Ivey v. Board of Regents*, 673 F.2d 266 (9th Cir. 1982). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent" litigants proceeding *in forma pauperis*. *Id*. The statute does not require the court to appoint counsel to represent such litigants, but only to request such representation on a pro bono basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304–05 (1989); *United States v. 30.64 Acres of Land*, 795 F.2d 796, 798–804 (9th Cir. 1986). The appointment of counsel is limited to cases presenting exceptional circumstances. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (per curiam). In deciding whether to appoint counsel, the court should consider: (1) the

1

likelihood of the success of the party's claims on the merits, and (2) the ability of the party to articulate claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (finding that neither factor is controlling); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's Complaint raises claims pursuant to 42 U.S.C. § 1983 for deliberate indifference based upon alleged violations of the Due Process Clause and the Eighth Amendment. In his Motion to Appointment of Counsel (Dkt. #51), he asks the Court to appoint counsel because he has been diagnosed with dyslexia and states that, when tested in 2001, he displayed a fifth grade reading level. He further states that this case will likely involve conflicting testimony and counsel would be better able to pursue his claims.

The Court appreciates that it is difficult for *pro se* parties to litigate their claims and that almost every *pro se* party would benefit from representation by counsel. However, the Court cannot require counsel to accept representation on a pro bono basis, and the number of attorneys available to accept appointment is very limited. Furthermore, Plaintiff has not established that exceptional circumstances exist to justify the appointment of counsel. Plaintiff has demonstrated sufficient ability to write and articulate his claims, and the facts alleged and legal issues raised are not especially complex. Accordingly, Plaintiff's Motion to Appointment of Counsel (Dkt. #51) is denied.

**II.    MOTIONS FOR PRODUCTION OF DOCUMENTS (DKT. ##52, 53, 60)**

In his Motion for Production of Documents (Dkt. #52), Plaintiff requests various documents from Defendants Nye County and Nye County Detention.[1] In his Motion for Production of Documents (Dkt. #53), Plaintiff requests various documents from Defendant Healthcare Partners. Lastly, in his "Second Motion for Production of Documents" (Dkt. #60), Plaintiff requests various computer and medical records, although it is not entirely clear to whom the request is made. Defendant Healthcare Partners filed a Response to Plaintiff's Second Motion for Production of Documents (Dkt. #63), opposing the motion and asking the Court to strike the improper filing. *See* Motion to Strike (Dkt. #65).

---

[1] Pursuant to the Court's Aug. 4, 2015 Order (Dkt. #62), Nye County Detention has been dismissed from this case.

Filing a motion with the Court is not the proper procedure for requesting written discovery materials from a party. Once the Court enters a scheduling order, the parties are permitted to engage in discovery. *See* Fed. R. Civ. P. 16; LR 16-1(b). Discovery requests must be served *directly on opposing parties*, who then have thirty (30) days to respond. *See* Fed. R. Civ. P. 34. The Local Rules of this Court also state:

> Unless otherwise ordered by the Court, written discovery, including responses thereto, and deposition transcripts, shall not be filed with the Court. Originals of responses to written discovery requests shall be served on the party who served the discovery request and that party shall make such originals available at the pretrial hearing, at trial, or on order of the Court.

LR 26-8. A motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the Court's intervention. *See* Fed. R. Civ. P. 37(a); LR 26-7.

Here, Plaintiff has filed his requests for production of documents with the Court as motions instead of serving his discovery requests on counsel for the Defendants. On May 8, 2015, the Court issued a Scheduling Order (Dkt. #44) in this matter; thus, Plaintiff was permitted to conduct discovery. Because these requests were improperly filed in violation of Local Rule 26-8, the Court must direct the Clerk of the Court to strike these motions from the record. If Defendants have not produced documents Plaintiff is seeking, he must serve counsel for the Defendants who have the documents he seeks with requests for production of documents.[2] His requests for production of documents may be served by mail. Plaintiff is further advised to carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Practice to ensure that he follows the appropriate procedures.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Appointment of Counsel (Dkt. #51) is DENIED.

2. Plaintiffs' Motions for Production of Documents (Dkt. ##52, 53, 60) are DENIED.

---

[2] Healthcare Partners indicates that, despite the improper filing, it complied with the Plaintiff's document requests. *See* Motion to Strike (Dkt. #65) at 3.

1   3. Defendant Healthcare Partners Motion to Strike (Dkt. #65) is GRANTED.

2   4. The Clerk of the Court is instructed to STRIKE Motions for Production of Documents

3      (Dkt. ##52, 53, 60) from the docket.

4   Dated this 18th day of August, 2015.

5
                                              _____
6                                             PEGGY A. LEEN
                                              UNITED STATES MAGISTRATE JUDGE

4