UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER J. WILLING,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>DEPUTY ARMS et al.,<br>　　　　　　　　　Defendants. | Case No. 2:14-cv-01122-APG-PAL<br><br>**ORDER**<br><br>(Mots. Reservice Summons – Dkt. ##39, 48)<br>(Mot. Amend Compl. – Dkt. #49)<br>(Mot. Require Joinder of Parties – Dkt. #50) |

This matter is before the Court on Plaintiff Christopher J. Willing's Motions for Re-Service of Summons (Dkt. ##39, 48), Motion to Amend/Correct Complaint (Dkt. #49), and Motion for Required Joinder of Parties (Dkt. #50). The Court has also considered Defendant Healthcare Partners Response (Dkt. #56) to the Motion to Amend and Plaintiff's Reply (Dkt. #58). This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9.

**I.　BACKGROUND**

Plaintiff is a prisoner proceeding in this matter *pro se* and *in forma pauperis*. On September 23, 2014, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, finding that it stated claims against Defendants Arms, Nye County Detention, and Health Care Partners for deliberate indifference. Screening Order (Dkt. #5), Complaint (Dkt. #6). The Court also dismissed without prejudice Plaintiff's deliberate indifference claim against Defendants Martinez and Medina, giving Plaintiff leave to amend within 30 days. Plaintiff did not file an amended complaint within the allotted time. Thus, the Court issued an Order directing service of as to Defendants Arms, Nye County Detention, and Health Care Partners. Mar. 3, 2015 Order

(Dkt. #27).[1]  Summons were returned executed for Defendants Nye County Detention and Health Care Partners, *see* USM Returns (Dkt. ##31, 34, 35), but not for Defendant Arms because Plaintiff did not identify Arms by his full name or badge number and there are multiple officers with the last name "Arms."  (Dkt. ##32, 38).

On May 8, 2015, the Court entered a Scheduling Order (Dkt. #44) allowing the parties to begin discovery.  The Scheduling Order gave Plaintiff until July 7, 2015, to join additional parties or amend his pleadings.  Plaintiff timely filed his Motion to Amend/Correct Complaint (Dkt. #49) and Motion for Required Joinder of Parties (Dkt. #50) on June 12, 2015.

The Proposed Amended Complaint (Dkt. #49-1) seeks to name defendants: (1) Deputy Gregory Arms, (2) Sargent Martinez, (3) Lieutenant Beard, (4) Healthcare Partners, and (5) Nye County.  Plaintiff states the following factual allegations in support of his claims under 42 U.S.C. § 1983 for violations of the Due Process Clause and Eighth Amendment based on deliberate indifference to his serious medical needs.  While incarcerated as a pretrial detainee in November 2013, Plaintiff broke his collarbone and requested medical treatment.  *Id.* at 3.  In January 2014, a Healthcare Partners' physician allegedly told Plaintiff that his broken collarbone required surgery.  *Id*.  According to Plaintiff, Nye County, Nye County Detention, and Healthcare Partners intentionally interfered with, delayed, and denied his medical care by failing to refer him to an orthopedic surgeon for his broken collarbone.  *Id*. at 4.

In March and April 2014, Plaintiff returned to Healthcare Partners.  *Id*. at 4–5.  During the April visit, a physician ordered X-rays on Plaintiff's collarbone and wrote a referral to an orthopedic surgeon.  *Id*. at 5.  However, "Healthcare Partners never submitted the referral," *id*., because Deputy Arms instructed them not to do so.  *Id*.  Plaintiff claims that Nye County has a policy that permits a non-medical officer, Deputy Arms, to make "medical decisions" for Plaintiff's treatment.  *Id.* at 3.  Deputy Arms told a Healthcare Partners nurse and X-ray technician that Nye County would not pay for Plaintiff's surgery.  *Id*. at 5.  Afterwards, Healthcare Partners intentionally failed to submit or forward the Plaintiff's referral to an

---

[1] The Court recently granted Nye County Detention's Motion to Dismiss (Dkt. #33) because it is not an entity capable of being sued.  *See* Aug. 4, 2015 Order (Dkt. #62).

2

orthopedic surgeon. *Id*. Plaintiff alleges that Nye County and Healthcare Partners have an unwritten policy of ignoring referrals for inmates so Nye County will not have to pay. *Id*. at 4.

In May 2014, Plaintiff submitted a grievance regarding his medical issues and lack of care. *Id*. at 6. In early June 2014, Plaintiff submitted another grievance requesting a different medical provider; however, Sargent Martinez responded that Healthcare Partners had the referral for Plaintiff to see an orthopedic surgeon but Martinez did not care and would continue to take Plaintiff to urgent care. *Id*. In October or November 2014, Plaintiff went back to Healthcare Partners and was seen by the same physician he saw in April. *Id*. The physician asked Plaintiff what the orthopedic surgeon said about his collarbone. *Id*. Because Plaintiff had not seen an orthopedic surgeon, the physician said he would write a new referral. *Id*.

Thirteen months after the collarbone injury, in December 2014, Plaintiff was seen by an orthopedic surgeon. *Id*. Because of the length of time since the injury, orthopedic surgeon informed Plaintiff and Lieutenant Beard that his collarbone had fused and a surgery would include re-breaking and plating the bone. *Id*. However, the surgeon did not advise surgery because "it would probably be just as bad" so Plaintiff "should just live with the pain." *Id*. Plaintiff states that his collarbone is deformed and still causes pain. *Id*.

## II. PLAINTIFFS' MOTION TO AMEND/CORRECT COMPLAINT (DKT. #49)

"Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within certain time limits, or, in all other instances, with the court's leave." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc)). The court has discretion to grant leave and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see, e.g.*, *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

The Ninth Circuit recently reaffirmed the factors the Supreme Court set forth in *Foman v. Davis*, 371 U.S. 178 (1962), as the appropriate framework for the district courts to consider in deciding whether to dismiss with prejudice or to allow leave to amend:

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

3

>virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given.'

*Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (quoting *Foman*, 371 U.S. at 182). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Furthermore, a district court should allow a plaintiff at least one opportunity to amend a complaint before determining that amendment is futile. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (finding abuse of discretion where operative complaint was the first and only complaint plaintiff filed).

### A.    Deliberate Indifference to Plaintiff's Serious Medical Needs

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The deliberate indifference standard applies to due process claims that correction facility officials failed to address the medical needs of a pretrial detainee. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1241–44 (9th Cir. 2010); *see also Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (federal courts borrow from Eighth Amendment jurisprudence when analyzing the rights of pretrial detainees).

"To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012). To establish the objective prong, a plaintiff must show a serious medical need by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

As an initial matter, the Court finds that Plaintiff's Proposed Amended Complaint (Dkt. #49-1) sufficiently alleges that his broken collarbone was a serious medical need. Plaintiff alleges that the injury has caused him chronic pain since it occurred and a Healthcare Partners

4

physician deemed the injury worthy of a referral to an orthopedic surgeon. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (serious medical needs include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment" and "the existence of chronic and substantial pain"); *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam) (noting that access to medical staff is meaningless unless that staff is competent and can render competent care).

To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that a delay of medical treatment amounts deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Plaintiff has sufficiently alleged that Defendants' acts caused him harm and Defendants' delay generated additional pain and injury. Plaintiff states that because of Defendants' denial and delay of treatment, his collarbone is now deformed and still causes pain. Proposed Am. Compl. at 6. Defendants' delay has limited Plaintiff's treatment options. Should surgery be performed in the future, it would include re-breaking and plating the bone. Plaintiff also claims that he further injured himself in March 2014 by falling out of his bunk because the broken collarbone forced him to sleep in a certain position. *Id*. at 4. Because Plaintiff's Proposed Amended Complaint sufficiently alleges harm, the Court will now address whether the allegations against each Defendant meet the standard for pleading deliberate indifference.

### 1. **Nye County**

Local government entities such as municipalities and counties can be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a

custom has not received formal approval through the body's official decision making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). A policy has been defined as "a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690). The weight of authority has established that a "policy can be one of action or inaction" within the meaning of *Monell*. *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)).

The Court finds that Plaintiff states a colorable claim against Defendant Nye County. Plaintiff alleges that he broke his collarbone as a pretrial detainee but Defendant Arms and Healthcare Partners intentionally denied and delayed Plaintiff's request for medical treatment pursuant to Nye County's unwritten policy of ignoring referrals for inmates to avoid the cost of the inmate's care. *See* Proposed Am. Compl. at 4. Plaintiff alleges that Defendant Arms enforced this policy against him by telling Healthcare Partners' employees not to submit Plaintiff's referral to an orthopedic surgeon. *Id.* at 5. Plaintiff also claims that Nye County has a policy of permitting Defendant Arms, a non-medical officer, to make medical decisions regarding Plaintiff's treatment. *Id.* at 3. When a prison's staff is not competent to examine, diagnose, and treat inmates' medical problems, they must "refer prisoners to others who can." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Ninth Circuit precedent finds that a law enforcement officer with no medical training is not qualified to make medical decisions for inmates and must defer to a physician's judgment. Plaintiff has alleged facts that allow the Court to draw a reasonable inference that Nye County may be liable for unconstitutional policies.

### 2. Health Care Partners

Liability for a § 1983 violation only attaches to parties "who carry a badge of authority of a State and represent it in some capacity." *Monroe v. Pape*, 365 U.S. 167, 172 (1961), *overruled in part by Monell*, 436 U.S. at 690. Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). Thus, a civil rights plaintiff suing a

6

private party under § 1983 must demonstrate that the private party acted under color of state law. *Neason v. Clark Cnty.*, 352 F. Supp. 2d 1133, 1143 (D. Nev. 2005) (citation omitted). A private party's conduct can constitute state action when there is a " 'such a close nexus between the State and the challenged action' " that the party's conduct " 'may be fairly treated as that of the State itself', such as when the nominally private actor is " 'controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control'." *Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295–96 (2001)).

The Court finds that Plaintiff states a valid deliberate indifference claim against Defendant Healthcare Partners. Although Healthcare Partners is a private party, Plaintiff's factual allegations suggest a close nexus between its actions and that of Nye County and Defendant Arms such that its actions are fairly attributable to the government actors. According to Plaintiff, a Health Care Partners physician treated him on at least four occasions. *See generally* Proposed Am. Compl. Despite having knowledge that the physician referred Plaintiff to an orthopedic surgeon, Health Care Partners allegedly followed Defendant Arms instruction not to process the referral based upon Nye County's cost-saving policy. Plaintiff's allegations suggest significant involvement by government officials on Healthcare Partners actions and inaction regarding Plaintiff. Thus, Plaintiff sufficiently alleges that Defendant Healthcare Partners purposefully acted or failed to respond to Plaintiff's serious medical need under the color of law.

### 3. Deputy Gregory Arms, Lieutenant Beard, and Sargent Martinez

In addition to denial of medical attention, delay of or interference with medical treatment can amount to deliberate indifference. *See, e.g., Jett*, 439 F.3d at 1096. Where a prisoner is alleging that delay of medical treatment amounts to deliberate indifference, the prisoner must show that the delay led to further injury. *See Colwell v. Bannister*, 763 F.3d 1060, 1081 (9th Cir. 2014) (quoting *Shapley*, 766 F.2d at 407). In *Jett*, the Ninth Circuit held that a prisoner state a valid claim of deliberate indifference when he alleged that an almost two-month delay in

1  receiving any treatment for a fractured thumb, and a nineteen-month delay in being seen by a
2  hand specialist, had caused pain and the diminished use of his hand because the fracture had
3  healed improperly.  439 F.3d at 1097–98.  Similarly, in *Hunt v. Dental Department*, 865 F.2d
4  198 (9th Cir. 1989), the court held that a prisoner's allegation that a three-month delay in
5  replacing dentures causing pain was sufficient to state a claim of deliberate indifference to
6  serious medical needs.  *Id.* at 200–01.

7  Here, the Court finds that Plaintiff states a colorable claim against Deputy Arms and
8  Sargent Martinez, but not against Lieutenant Beard.  Plaintiff alleges that Defendant Arms
9  personally denied Plaintiff's request for medical treatment pursuant to a Nye County policy.
10  Deputy Arms purportedly delayed and interfered with Plaintiff's treatment by telling a
11  Healthcare Partners nurse and X-ray technician that Nye County would not pay for Plaintiff's
12  surgery.  Proposed Am. Compl. at 5.  Afterwards, Healthcare Partners intentionally failed to
13  submit or forward the Plaintiff's referral to an orthopedic surgeon and the resulting delay
14  prolonged his suffering.  *Id*.

15  Plaintiff also alleges that Sargent Martinez was deliberately indifferent to his serious
16  medical needs.  Plaintiff alleges that he submitted a grievance in early June 2014 requesting a
17  different medical provider; however, Sargent Martinez responded that Healthcare Partners had
18  the referral for Plaintiff to see an orthopedic surgeon but Martinez did not care.  *Id*. at 6.
19  Knowing of Nye County's unwritten policy of ignoring referrals for inmates so Nye County will
20  not have to pay, Sargent Martinez allegedly enforced that policy and further delayed Plaintiff's
21  treatment by telling Plaintiff that he would continue to take would continue to take Plaintiff to
22  Healthcare Partners' urgent care.  *Id*.  The deliberate indifference claim may proceed against
23  Deputy Arms and Sargent Martinez.

24  In contrast, Plaintiff fails to state a claim against Lieutenant Beard because Plaintiff
25  merely alleges that Beard was present when he finally saw the orthopedic surgeon.  *Id*. at 6.
26  Plaintiff does not allege that Beard somehow caused delay or interfered with his consult or any
27  other part of his medical treatment.  As such, Plaintiff fails to state a cognizable claim against
28  Lieutenant Beard, and the Court denies leave to amend for Lieutenant Beard.

In sum, the Court finds that leave to amend is warranted for Defendants Nye County, Healthcare Partners, and Deputy Arms, and Sargent Martinez, but not for Lieutenant Beard. Plaintiff's Motion for Required Joinder of Parties (Dkt. #50) asks the Court to name Nye County as a Defendant in this action. The Proposed Amended Complaint (Dkt. #49-1) also names Nye County as a Defendant; thus, Motion for Required Joinder of Parties (Dkt. #50) requests the same relief as Motion to Amend/Correct Complaint (Dkt. #49), and it is denied as duplicative.[2]

### III.    PLAINTIFF'S MOTIONS FOR RE-SERVICE OF SUMMONS (DKT. ##39, 48)

On March 3, 2015, the Court issued an Order directing the Clerk of the Court to file the original Complaint and issue summons and instructing Plaintiff to provide the U.S. Marshals Service ("USM") with the information to serve Defendants Deputy Arms, Nye County Detention, and Health Care Partners. Order (Dkt. #27). Summons were returned executed for Defendants Nye County Detention and Health Care Partners, *see* USM Returns (Dkt. ##31, 34, 35), but not for Deputy Arms because Plaintiff did not identify the officer by his full name or badge number and there are multiple officers with the last name "Arms." (Dkt. ##32, 38).

Rule 4 of the Federal Rules of Civil Procedure states a defendant must be served within 120 days after a complaint is filed. *See* Fed. R. Civ. P. 4(m). The rule also provides that a court must extend the time for service for an appropriate period if a plaintiff shows good cause for his failure to timely serve the complaint. *Id.* As a general matter, a showing of good cause requires more than simple inadvertence, mistake of counsel, or ignorance of the procedural rules. *See,*

---

[2] Making repeated requests for the same relief is an abusive litigation tactic that taxes the resources of the Court and all of the parties to this lawsuit. Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). In *Nugget*, the Ninth Circuit upheld the trial court's imposition of Rule 11 sanctions because a party's second motion to compel largely duplicated the first. *Id.* Once a motion is filed, filing a duplicate motion will not speed up the court's review of a plaintiff's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the Court's workload, and generally delays decision while a new round of responses and reply deadlines run. Plaintiff is warned that continued motion practice requesting relief that has already been denied or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

*e.g.*, *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). "At a minimum, good cause means excusable neglect." *Martin v. Longbeach*, 246 F.3d 674 (9th Cir. 2000).

Plaintiff was required to provide the USM with information to serve the Amended Complaint on Deputy Arms. He did so, but the information he provided the USM was insufficient to effectuate service. *See* Mots. Reserve Summons (Dkt. ## 39, 48).[3] Plaintiff now asks that the Court direct the USM to reserve the summons and complaint on Deputy Arms and provides his full name, Gregory Arms, to facilitate service. As such, Plaintiff has shown good cause to reserve Defendant and the Court will therefore grant the Motion.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Motion to Amend/Correct Complaint (Dkt. #49) is GRANTED. The Clerk of the Court shall file the Amended Complaint and issue summons for Defendants Deputy Gregory Arms, Nye County, and Sargent Martinez.

2. Plaintiff's Motion for Re-Service of Summons (Dkt. #39) is GRANTED.

    a. The Clerk of the Court shall deliver the summons for Defendants Deputy Gregory Arms, Nye County, and Sargent Martinez and a copy of the Amended Complaint to the USM for service.

    b. The Clerk of the Court shall also mail Plaintiff a blank Form USM-285 along with instructions for completing the form. Plaintiff shall have 20 days in which to make copies of the Form USM-285, fill out a separate form for each Defendant, and then send his completed forms to the USM. Plaintiff must file a notice with the Court identifying whether these Defendants were served within 20 days after receiving a copy of the Form USM-285 from the USM showing whether service has been accomplished.

    c. Plaintiff should refer to Rule 4(j) of the Federal Rules of Civil Procedure regarding service on Nye County.

---

[3] As explained above, multiple motions requesting the same relief are unnecessary and may subject the moving party to sanctions should the practice continue.

    d. If the USM is unable to serve any one of the Defendants Deputy Gregory Arms, Nye County, and Sargent Martinez, and Plaintiff wishes to have service attempted again, Plaintiff must timely file a motion with the Court specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

    e. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished on all Defendants within 90 days from the date of this order, or by **November 16, 2015**.

3. Plaintiff's Motion for Re-Service of Summons (Dkt. #48) is DENIED as duplicative.

4. Motion for Required Joinder of Parties (Dkt. #50) is DENIED as duplicative.

Dated this 18th day of August, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

11