UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER J. WILLING,<br><br>                    Plaintiff,<br>v.<br>DEPUTY ARMS et al.,<br><br>                    Defendants. | Case No. 2:14-cv-01122-APG-PAL<br><br>**ORDER**<br><br>(Mot. Stay Discovery – Dkt. #57)<br>(Mot. Stay or Ext. Discovery – Dkt. #59)<br>(Mot. to Compel – Dkt. #67) |

This matter is before the Court on Defendant Nye County Detention Center's Motion to Stay Discovery (Dkt. #57) filed July 24, 2015. Also before the Court is Defendant Health Care Partners' Motion to Stay or, in the Alternative, Extend Discovery Deadlines (Dkt. #59), filed July 24, 2015; and Plaintiff Christopher J. Willing's Motion to Compel (Dkt. #67) filed August 19, 2015. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

## BACKGROUND

Plaintiff is a prisoner proceeding in this matter *pro se* and *in forma pauperis*. On July 7, 2014, Plaintiff filed an application to proceed *in forma pauperis* along with his initial complaint. *See* (Dkt. #1). The Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915, finding that it stated claims against Defendants Arms, Nye County Detention, and Health Care Partners for deliberate indifference and directed service. *See* Screening Order (Dkt. #5); Complaint (Dkt. #6); Mar. 3, 2015 Order (Dkt. #27). Summons were returned executed for Defendants Nye County Detention and Health Care Partners, *see* USM Returns (Dkt. ##31, 34, 35), but not for Defendant Arms. *See* USM Returns Unexecuted (Dkt. ##32, 38). Plaintiff therefore filed a motion providing additional information for Defendant Arms and requested leave to reserve the summons. *See* Mot. for Re-Service of Summons (Dkt. #39).

1

On May 8, 2015, the Court entered a Scheduling Order (Dkt. #44) allowing the parties to begin discovery. On June 12, 2015, Plaintiff timely filed requests to amend his complaint and join additional parties. *See* Mot. to Amend/Correct Complaint (Dkt. #49); Mot. for Required Joinder of Parties (Dkt. #50). While Plaintiff's motions were pending, the Court granted Defendant Nye County Detention's Motion to Dismiss (Dkt. #33) because it is not an entity capable of being sued. *See* Aug. 4, 2015 Order (Dkt. #62). This Court subsequently granted Plaintiff's requests to re-serve Defendant Arms and amend his complaint, to add two additional parties as Defendants in this case: Sargent Martinez and Nye County. *See* Aug. 21, 2015 Order (Dkt. #68). Accordingly, service of Plaintiff's Amended Complaint (Dkt. #69) must be accomplished on all Defendants by November 16, 2015.

## **DISCUSSION**

### I. **NYE COUNTY DETENTION'S MOTION TO STAY DISCOVERY (DKT. #57)**

Nye County Detention's Motion requests a stay pending resolution of its Motion to Dismiss (Dkt. #33) and Plaintiff's Motion to Amend Complaint (Dkt. #49). The Court has considered the Motion and Plaintiff's Opposition (Dkt. #61), filed July 29, 2015. However, Nye County Detention's Motion is now moot because both motions have been resolved. *See* Order (Dkt. #62); Order (Dkt. #68). The Court therefore denies the motion as moot.

### II. **HEALTH CARE PARTNERS' MOTION TO STAY OR EXTEND DISCOVERY (DKT. #59)**

Defendant Healthcare Partners' Motion requests a stay of discovery pending resolution of its Motion to Dismiss (Dkt. #37), or in the alternative, a 90-day extension of the current discovery deadlines. On August 28, 2015, the district judge entered an Order denying as moot Healthcare Partners' Motion to Dismiss (Dkt. #37). As such, Healthcare Partners' request for a stay is also moot. The Court will therefore consider its alternative request for relief.

When a request is made to modify a discovery plan and scheduling order before the expiration of the deadlines and before the final pretrial order is entered, a district court may extend the discovery deadlines upon a showing of "good cause." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Id*. Discovery extensions may be allowed if the

2

deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. Additionally, any motion or stipulation to extend a deadline or to reopen discovery must comply with Local Rules 26-4 and 6-1 of the Local Rules of Practice, and include the following:

> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
> (d) A proposed schedule for completing all remaining discovery.

*See* LR 26-4.

Healthcare Partners' motion provides a list of discovery that has been served to date and states that it has noticed Plaintiff's deposition, although the date may change given Plaintiff's incarceration. Healthcare Partners asserts that the parties need more time to complete depositions of Plaintiff, witnesses, and propound additional written discovery. In particular, Healthcare Partners recognizes that several Defendants have not been served or filed responsive pleadings and, if those parties appear, they will need to conduct discovery. Plaintiff did not file an opposition to this motion and the time for filing a response has now passed. The Court finds good cause to extend the deadlines stated in the Scheduling Order by ninety (90) days from this order.

**III.   PLAINTIFF'S MOTION TO COMPEL (DKT. #67)**

On August 19, 2015, Plaintiff filed a Motion to Compel Defendant Nye County Detention Center to produce documents and responses to interrogatories. Plaintiff's Motion acknowledges that the August 4, 2015 Order (Dkt. #33) dismissed Nye County Detention Center. As a non-party, Nye County Detention Center is not required to respond to interrogatories or requests for production of documents served pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. However, Plaintiff relies upon LR 16-1(b) as authority for requiring Nye County Detention Center, "as a political entity of Nye County," to produce the requested documents. Mot. to Compel (Dkt. #63) at 1–3. LR 16-1(b) states that the Court shall enter a

scheduling order in actions by inmates pursuant to 42 U.S.C. § 1983.[1]  LR 16-1(b) is not a proper basis for compelling Nye County Detention Center to respond to Plaintiff's interrogatories or requests for production of documents.

After Plaintiff filed his Motion, Nye County has been added as a party to this case.  *See* Order (Dkt. #68).  After Plaintiff serves the Amended Complaint and Summons on Nye County, he will be allowed to serve discovery requests directly upon Nye County.  Discovery requests must be served on opposing parties, who then have thirty (30) days to respond.  A motion to compel discovery materials may only be filed when a timely discovery request has been served, the opposing party has not responded or has inadequately responded, and the moving party has attempted in good faith to resolve any dispute about the adequacy of the discovery responses without the Court's intervention.  Local Rule 26-7 also states the following:

> Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to resolve the matter without court intervention.

LR 26-7(b).  Local Rule 26-7 also requires that a party filing a motion to compel "set forth in full the text of the discovery originally sought and the response thereto, if any."  LR 26-7(a).  The purpose of this rule is to give the court sufficient information to evaluate whether the information sought is relevant and discoverable and whether the responses are sufficient or require supplementation.

This is not the first time the Court has cautioned Plaintiff about following the Local Rules. Plaintiff recently filed three Motions for Production of Documents (Dkt. ## 52, 53, 60) in violation of Local Rule 26-8, which states that written discovery requests shall not be filed with the Court but shall be mailed directly to counsel for the opposing party.  *See* Aug. 19, 2015 Order (Dkt. #66). Accordingly, the Court instructed the Clerk of the Court to strike Plaintiff's discovery requests from the record.  *Id*.  The Court recognizes that it is difficult for *pro se* parties

---

[1] LR 16-1(b) states the following:
> In actions by or on behalf of inmates under 42 U.S.C. § 1983 or the principles of Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and in forfeiture and condemnation actions, no discovery plan is required. In such cases, a scheduling order shall be entered within thirty (30) days after the first defendant answers or otherwise appears.

4

to litigate their claims; however, a *pro se* litigant must follow the same rules of procedure that govern other litigants. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). This includes complying with the Local Rules of Practice as well as the Federal Rules of Civil Procedure. Plaintiff is advised to carefully review the discovery rules contained in Rules 26–36 of the Federal Rules of Civil Procedure and the Local Rules of Practice to ensure that he follows the appropriate discovery procedures.

Because Nye County Detention Center is no longer a party to this action, Nye County has not yet been served and therefore discovery directed to Nye County is premature, the Motion to Compel is denied without prejudice.

**IT IS ORDERED:**

1. Defendant Nye County Detention Center's Motion to Stay Discovery (Dkt. #57) is DENIED as moot.

2. Defendant Health Care Partners' Motion to Stay or, in the Alternative, Extend Discovery Deadlines (Dkt. #59) is DENIED as moot with respect to a stay of discovery and GRANTED regarding an extension of discovery deadlines. The following deadlines stated in the Scheduling Order (Dkt. #44) are extended by ninety (90) days:

    a. Discovery in this action shall be completed on or before December 21, 2015;

    b. Motions for summary judgment shall be filed and served no later than January 20, 2016; and

    c. The Parties shall file a Joint Pretrial Order February 22, 2016. If dispositive motions are timely filed the deadline for filing the joint pretrial order is suspended until 30 days after decision of dispositive motions or further order of the court.

    d. The disclosures required by Fed. R. Civ P 26(a)(3) and any objections to the disclosures shall be included in the joint pretrial order.

/ / /

5

3. Plaintiff's Motion to Compel (Dkt. #67) is DENIED.

Dated this 21st day of September, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

6