UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTOPHER J. WILLING,<br><br>                           Plaintiff,<br>v.<br>DEPUTY ARMS et al.,<br><br>                           Defendants. | Case No. 2:14-cv-01122-APG-PAL<br><br>**ORDER**<br><br>(Mots. – Dkt. #81, 93) |

This matter is before the Court on Plaintiff Christopher J. Willing's Motion Requesting Summonses (Dkt. #81) and Motion for Appointment of Counsel (Dkt. #93). This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9. No opposition was filed in response to Plaintiff's motions and the time for doing so has now passed. The Court has considered the motions.

Mr. Willing is a prisoner proceeding in this matter *pro se* and *in forma pauperis*. On September 23, 2014, the Court screened Mr. Willing's Complaint pursuant to 28 U.S.C. § 1915, finding that it stated claims against Defendants Arms, Nye County Detention Center, and Health Care Partners for deliberate indifference. *See* Screening Order (Dkt. #5). When Mr. Willing did not amend his complaint within the allotted time, the issued an Order directing service as to Defendants Arms, Nye County Detention, and Health Care Partners. *See* Mar. 3, 2015 Order (Dkt. #27). Summons were returned executed for Defendants Nye County Detention Center and Health Care Partners, *see* USM Returns (Dkt. ##31, 34, 35), but not for Defendant Arms because Mr. Willing did not identify Arms by his full name or badge number and there are multiple officers with the last name "Arms." (Dkt. ##32, 38).[1]

Mr. Willing subsequently requested leave of the Court to amend his complaint and re-serve summons on the unserved Defendants. *See* Mots. (Dkt. #39, 49). The Court granted leave

---

[1] The Nye County Detention Center was later dismissed from this case. *See* Order (Dkt. #62).

1

to amend and instructed the Clerk's Office to issue summons for Defendants Deputy Gregory Arms, Nye County, and Sargent Martinez. *See* Aug. 21, 2015 Order (Dkt. #68); Am. Compl. (Dkt. #69). The Order (Dkt. #68) instructed Mr. Willing that if the U.S. Marshals Service ("USM") was unable to serve any Defendant, he would need to "timely file a motion with the Court specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted." *Id*. at 11. The Order also stated that service must be accomplished on all Defendants within 90 days or by November 16, 2015. *Id*. The Clerk's Office immediately issued summons to Defendants Deputy Gregory Arms, Nye County, and Sargent Martinez. (Dkt. #70).

On October 22, 2015, a summons was returned executed for Defendant Nye County. *See* USM Return Executed (Dkt. #80); Pl.'s Notice of Summons Returned Executed (Dkt. #85). However, the USM was unable to serve summons on Defendants Deputy Gregory Arms and Sargent Martinez. *See* USM Return Unexecuted (Dkt. #79, #82). For Sargent Martinez, the notes indicate he is now retired from the Nye County Detention Center. *See* (Dkt. #79). Although a home address was provided, the USM represents that the home was " 'for sale' and empty." *Id*. For Deputy Gregory Arms, the USM were told that he was in an academy and will not be available at the facility for six to eight weeks. *See* (Dkt. #82). On November 9, 2015, Mr. Willing filed a Notice (Dkt. #84) informing the Court of the unexecuted summons. The Notice does not request any other manner of service for Defendant Martinez; however, it asks that Defendant Arms be re-served in eight weeks.

**I.     MOTION REQUESTING SUMMONS (DKT. #81)**

In this Motion, Mr. Willing asks the Court for copies of the summons so he may forward the copies to the USM. Mr. Willing's request is now moot as the USM had already received and attempted to serve the summons on Defendants Arms, Nye County, and Martinez. *See* USM Returns (Dkt. #79, #80, #82). However, the Court will construe his Notice of Summons Returned Unexecuted (Dkt. #84) as a motion to re-attempt service on Defendant Arms. *See* Fed. Rule Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten *pro se* document is to be liberally construed.").

Rule 4(m) of the Federal Rules of Civil Procedure states a defendant must be served within 90 days after a complaint is filed. *Id.* The rule also provides that a court must extend the time for service for an appropriate period if a plaintiff shows good cause for his failure to timely serve the complaint. *Id.*

Here, Mr. Willing has shown good cause for his failure to timely serve the Amended Complaint (Dkt. #69) because the Nye County Detention Center has indicated Defendant Arms would not be available for service at the facility for six to eight weeks when the USM attempted service. Mr. Willing filed a handwritten Notice (Dkt. #84) in which he requested permission to re-serve Defendant Arms in eight weeks. The Court will therefore construe Mr. Willing's Notice as a motion to re-serve Defendant Arms and extension of time for service.

## II.   MOTION FOR APPOINTMENT OF COUNSEL (DKT. #93)

This is the third time Mr. Willing has requested the appointment of counsel. *See* Mots. (Dkt. #2, #51). The Court denied the previous motions because Mr. Willing has not established exceptional circumstances exist to justify the appointment of counsel. *See* Orders (Dkt. #5, #66). Mr. Willing's current Motion fails to present any change in circumstances. The Motion is denied.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Christopher J. Willing's Motion Requesting Summonses (Dkt. #81) is DENIED as moot.
2. Mr. Willing's Motion for Appointment of Counsel (Dkt. #93) is DENIED.
3. Mr. Willing's Notice (Dkt. #84) is construed as a motion to re-serve Defendant Deputy Gregory Arms and is GRANTED.
4. The Clerk of the Court shall re-issue summons for Defendant Arms and deliver the summons and a copy of the Amended Complaint (Dkt. #69) to the USM for

service.  The Clerk of the Court shall also mail Mr. Willing a blank Form USM-285 along with instructions for completing the form.

5. Mr. Willing shall have **14 days** in which to provide the USM with a completed Form USM-285, which must include the additional information needed for the USM to attempt to reserve Defendant Arms.  Mr. Willing must file a notice with the Court identifying whether Defendant Arms was served within **14 days** after receiving a copy of the Form USM-285 from the USM showing whether service has been accomplished.

6. If the USM is unable to serve Defendant Arms and Mr. Willing wishes to have service attempted again, he must file a motion with the Court specifying a more detailed name and/or address for Defendant Arms, or whether some other manner of service should be attempted.

7. In accordance with Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished on Defendant Arms within 45 days from the date of entry of this order, or by **April 18, 2016**.

Dated this 3rd day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE